# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**JAMES S. COOK,**
Appellant,

v.

**JOHN COOK** and **ROBERT COOK,**
Appellees.

No. 4D17-1637

[November 28, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Rosemarie Scher, Judge; L.T. Case No. 50-2016-MH-003313-XXXX-NB.

Antony P. Ryan, Regional Counsel, and Richard G. Bartmon, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, Fourth District, West Palm Beach, for appellant.

Anya Van Veen, Jeffrey H. Skatoff, and Brian M. Spiro of Clark Skatoff, P.A., Palm Beach Gardens, for appellees.

Amy Singer Borman, General Counsel, Fifteenth Judicial Circuit, West Palm Beach, for Honorable Krista Marx, Chief Judge of the Fifteenth Judicial Circuit; Joseph M. D'Amico, General Counsel, Seventeenth Judicial Circuit, Fort Lauderdale, for Honorable Jack Tuter, Chief Judge of the Seventeenth Judicial Circuit; and Patricia L. Gladson, General Counsel, Eleventh Judicial Circuit, Miami, for Honorable Bertila Soto, Chief Judge of the Eleventh Judicial Circuit.

### *ON APPELLANT'S MOTION FOR REHEARING AND/OR CLARIFICATION AND NON-PARTY JUDGES' MOTION FOR CLARIFICATION*

GROSS, J.

We grant appellant's motion for rehearing and/or clarification. We agree that the instruction in the majority opinion that Cook's status "remain unchanged pending the outcome of the incapacity proceedings on remand" is inconsistent with this court's finding that the judgment placing Cook in a plenary guardianship was not authorized by the applicable

statute. Appellee does not oppose the motion. Accordingly, we strike the last sentence of the majority opinion.

The Chief Judges of the Eleventh, Fifteenth, and Seventeenth Judicial Circuits have moved for clarification concerning the extent of the physical examination that must be undertaken by the examining committee. We treat the motion as an amicus filing. *See* Fla. R. App. P. 9.370(a). Neither party has filed a response to the motion.

Neither the statute nor the majority opinion places the onus on any individual member of the committee to perform the indicated parts of the examination. The three aspects of a comprehensive examination identified by the legislature may be performed by qualified persons who are not members of the examining committee. As do experts in court, the members of the committee may rely on these reports to satisfy the comprehensive examination requirement of the statute. As the statute mandates, if any part of a comprehensive examination is omitted, the committee member must explain the reason for the omission. This procedure will comply with the statute while giving the circuit judges the critical information needed to decide the capacity issue.

We are sensitive to the point of the Chief Judges that funding may be inadequate to comply with the statutory mandate. The legislature is the only proper forum to weigh funding considerations against the interests of the various stakeholders in a guardianship.

KLINGENSMITH, J., concurs.
CONNER, J., dissents with opinion.

CONNER, J., dissenting.

I again respectfully dissent from the majority's opinion in response to appellant's motion for rehearing or clarification, for the same reasons expressed in my initial dissent.

After the original opinion was published, the Chief Judges of the Eleventh, Fifteenth, and Seventeenth Judicial Circuits filed a motion for clarification in this Court. The motion sought clarification as to "whether, in every case, a physical examination must be expansive enough to identify any physiological conditions that may have contributed to the [alleged incapacitated person]'s mental condition." I respectfully submit that the majority's clarification in response to the motion creates confusion rather than clarity.

The clarification opinion conflicts with the original majority opinion and its very specific declaration of the legislature's intent regarding the mandatory duties of the examining committee. In the original opinion, the majority reversed the trial court because:

> none of the members of the examining committee performed a physical examination of Cook; none filed a report of a physical exam of Cook; and none explained the reason for their omission of the requisite physical exam.

Yet curiously, and with no citation to authority, the clarification opinion states that "[t]he three aspects of a comprehensive examination identified by the legislature *may be performed by qualified persons who are not members of the examining committee.*" (emphasis added). The justification for this clarification proposition is presumably the next sentence: "As do experts in court, the members of the committee may rely on these reports to satisfy the comprehensive examination requirement of the statute."

In the instant case, a short time before the evaluation conducted by the physician member of the examining committee, Cook was admitted to a hospital. The physician member testified that as part of his evaluation of competence, he reviewed the medical chart from the hospital. He further testified the treating physician at the hospital was very thorough and complete in documenting the medical evaluation and treatment of Cook at the hospital. Yet, the majority fails to explain why the physician member of the examining committee, as an expert, was not entitled to rely on his review of the medical records generated by Cook's recent hospital stay in lieu of conducting the physical examination himself. In light of the strong pronouncements in the original opinion warranting reversal for the examining committee's failure to conduct a physical examination, the clarifying opinion seems inconsistent.

The clarifying opinion also reasserts a point made in the original opinion: "As the statute mandates, if any part of the comprehensive examination is omitted, the committee member must explain the reason for the omission." Presumably, the majority views this proposition as a sort of safety valve. The majority views the "if indicated" phrase in the statute as applying to the perspective of the examining committee (rather than the perspective of the circuit judge ordering the examination, a viewpoint I asserted in my original dissent). It appears the majority is satisfied that the members of the examining committee can decide a physical examination, mental examination, or functional assessment is not "indicated" (even though each component is a "required part" and "mandatory aspect" of a comprehensive examination, according to the

original majority opinion) for an alleged incompetent person, so long as the committee explains why the assessment was not done. According to the clarifying opinion, such explanation by the committee will constitute a "procedure" that "will comply with the statute while giving the circuit judges the critical information needed to decide the capacity issue."

In the original opinion, the majority stated:

> Because a person's physical condition can have a profound impact on his mental health, a physical examination should be made in every case unless there is an express finding by the examiner that the exam was not indicated or could not be accomplished for any reason.

It is that language which prompted the clarification by the Chief Judges. The majority's clarification that "[t]he three aspects of a comprehensive examination identified by the legislature *may be performed by qualified persons who are not members of the examining committee*," will be of some relief to the Chief Judges in seeking to retain physicians and psychiatrists on examining committees, but I suspect the relief will be limited. A significant portion of the cases in which a capacity determination is sought involve persons who are alleged to be incapacitated and are indigent or have no health care insurance. In such cases, it is likely the alleged incapacitated person has not seen a health care provider for some time. Additionally, for many alleged incapacitated persons who routinely see treating physicians, it is questionable how many treating physicians are documenting in their medical records the extent to which physical conditions are contributing to mental health issues.

For the above reasons, I continue to dissent from the majority opinion and the clarifying opinion.

* * *